IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DORA KATHLEEN WESTREICHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW M. SAUL, ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) | Case No. CIV-19-1000-SM |

## MEMORANDUM OPINION AND ORDER

Dora Westreicher (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 16, 20.

Plaintiff argues the ALJ improperly considered the report of an examining doctor, should have contacted the examining doctor for clarification, and did not properly consider Plaintiff's symptoms. Doc. 31, at 10-15. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

**I.     Administrative determination.**

   **A.     Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

   **B.     Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

## C.  Relevant findings.

### 1.  ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 12-29; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)  did not engage in substantial gainful activity between May 11, 2012, the alleged onset date, and December 31, 2017, the date last insured;

(2)  had the severe medically determinable impairments of vertigo, rheumatoid arthritis, diabetes, degenerative joint disease of the right shoulder, sleep apnea, hypothyroidism, migraines, morbid obesity, and major depressive disorder;

(3)  had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)  had the residual functional capacity[2] (RFC) to perform sedentary work with additional restrictions;

(5)  had no ability to perform past relevant work, but could perform jobs existing in significant numbers in the national economy such as hand cutter trimmer, cuff folder, and addressing clerk; and thus

(6)  had not been under a disability from May 11, 2012 through December 31, 2017.

*See* AR 15-28.

---

[2]  Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-3, "making the ALJ's decision the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

    **B.**    **Issues for judicial review.**

Plaintiff argues the ALJ improperly considered the report of Dr. Robert Danaher, Psy.D, and that he was required to contact Dr. Danaher regarding a perceived inconsistency in the report. Doc. 31, at 10-13. Further, Plaintiff asserts the ALJ erred in analyzing her symptoms. *Id.* at 13-15.

### III.   Analysis of the ALJ's decision.

    **A.**    **Issues with Dr. Danaher's report.**

        **1.**    **The ALJ properly found Dr. Danaher's report was internally inconsistent.**

Dr. Danaher saw Plaintiff for a psychological evaluation on October 1, 2018. AR 623-30. Pertinent to Plaintiff's arguments, Dr. Danaher wrote:

> [Plaintiff's] ability to understand, remember and carry out simple and complex instructions in a work-related environment is rated as marginal. From the standpoint of considering [Plaintiff's] intellectual level of functioning there are few barriers to employment through her physical functioning, including the episodes of loss of consciousness, are going to preclude employment in many settings. Likewise, symptoms of depression and anxiety are likely to impact [Plaintiff's] functioning in the workplace.

*Id.* at 630. But on an accompanying medical source statement, Dr. Danaher found Plaintiff's impairments did not affect her ability to understand, remember, and carry out instructions. *Id.* at 623.

The ALJ found Dr. Danaher's 2018 opinion was internally inconsistent, stating: "This opinion appears somewhat contradictory of itself in the opining of marginal abilities versus no limitations in understanding, remembering,

5

and carrying out instructions." *Id.* at 25. The ALJ determined Plaintiff could "understand, remember, comprehend, and carry out simple work related instructions and tasks." *Id.* at 18.

Plaintiff contends "the ALJ engaged in a strained reading" of this portion of the report because, "[w]hen read in context," Dr. Danaher's report is not contradictory. Doc. 31, at 12. Instead, she argues Dr. Danaher was clear that Plaintiff had a marginal ability to understand, remember, and carry out simple and complex instructions. *Id.* Her intellectual and physical functioning precluded her from working in many employment settings. *Id.* She also had difficulty functioning in the workplace as a result of her depression and anxiety. *Id.*

But Plaintiff focuses only on the narrative portion of Dr. Danaher's report. The ALJ noted that Dr. Danaher "rated [Plaintiff's] ability to understand, remember and carry out simple and complex instructions in a work-related environment as marginal," but also stated "in an attached medical source statement, Dr. Danaher went on to indicate no effect on Plaintiff's ability to understand, remember, and carryout instructions." AR 25.

Based on the discrepancy in Dr. Danaher's report, the Court finds substantial evidence supports the ALJ's determination that the report was "somewhat contradictory." Furthermore, it was appropriate for the ALJ to

6

consider the inconsistency when weighing the opinion. *See Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) (An ALJ may discount medical evidence "if it is internally inconsistent or inconsistent with other evidence.") (citation omitted). Thus, the ALJ did not err in finding Dr. Danaher's report was contradictory.[3]

### 2. The ALJ was not obligated to contact Dr. Danaher.

Plaintiff also contends that "[t]o the extent the ALJ believed Dr. Danaher's opinion was contradictory, or that Dr. Danaher failed to support the same, it was error to simply disregard it." Doc. 31, at 13. Instead, she contends the ALJ should have contacted Dr. Danaher for clarification. *Id.* (citing *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004)).

Plaintiff's reliance on *Robinson* is misplaced. There, the Tenth Circuit relied on 20 C.F.R. § 404.1512(e)(1), holding the ALJ should have contacted a treating physician if he concluded that the physician "failed to provide

---

[3] Defendant focuses on whether Dr. Danaher's opinion—issued after the date last insured—related back to the relevant period. *See* Doc. 37, at 11-12. The ALJ noted the opinion was given eight months after the date last insured, but he did not find the opinion was inapplicable to the relevant period. AR 25. Indeed, he gave some weight to portions of the opinion. *Id.* Thus, the Court does not consider whether the opinion relates to the relevant period. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (noting that where an ALJ "did not provide" the Commissioner's proffered explanations, the court "may not create or adopt" such "post-hoc rationalizations to support the ALJ's decision").

sufficient support for his conclusions." *Robinson*, 366 F.3d at 1084. But 20 C.F.R. § 404.1512(e)(1) "was amended and recodified, effective February 2012, at 20 C.F.R. § 404.1520b(c)(1) and (2)." *Russell v. Astrue*, 506 F. App'x 792, 795, n.2 (10th Cir. 2012); *see also Walls v. Berryhill*, 2019 WL 1388587, at *3 (W.D. Okla. Mar. 26, 2019) ("However, under the current regulations, effective March 26, 2012, the duty to recontact a physician is discretionary, rather than mandatory."). The current regulation states that if any evidence in the record, including medical opinions, "is inconsistent, [the ALJ] will consider the relevant evidence and see if [he] can determine whether [the claimant] is disabled based on the evidence [the ALJ has]."[4] 20 C.F.R. § 404.1520b(b)(1).

The ALJ considered other evidence regarding Plaintiff's mental impairments, including Dr. Danaher's 2013 report, which indicated Plaintiff had an adequate ability to understand, remember and carry out simple instructions. AR 25. The ALJ also gave some weight to Dr. Danaher's 2018 opinion that Plaintiff's symptoms from depression were likely to impact work interaction and accounted for such limitations in the RFC. *Id.* Because it is clear the ALJ determined the evidence in the record was sufficient to render a

---

[4] Evidence is "inconsistent when it . . . contains an internal conflict." 20 C.F.R. § 404.1520b(b).

8

decision, the current regulations did not require the ALJ to contact Dr. Danaher for additional explanation.

### B. The ALJ properly considered Plaintiff's symptoms.

Plaintiff also alleges the ALJ erred in the symptom analysis. Related to Plaintiff's argument, the ALJ stated "there is little in the way of objective findings or even consistent complaints" of migraine headaches and vertigo. AR 21. Further, when considering the limiting effects of these conditions, the ALJ also noted that Plaintiff did not seek treatment from an ENT provider or a neurologist. *Id.* The ALJ also found:

> [W]ith the exception of [Plaintiff's] being switched to Gabapentin for better migraine control, there have been no major changes to her medication course. . . . The lack of need for adjustment or change in this medication, in combination with the essentially unremarkable treatment records, only further contradict [Plaintiff's] allegations of worsening symptoms and to the contrary, suggest stability and/or control in [Plaintiff's] dizziness/nausea.

*Id.* at 23.

Plaintiff contends the ALJ did not "mention the fact that [she] testified her medical treatment was limited due to both lack of funds and/or health insurance." Doc. 31, at 14. Similarly, Plaintiff contends her doctors at the free clinic told her she could not be prescribed different medication without care from a specialist, which she argues she cannot afford. *Id.* at 14-15 (citing AR 46).

9

Plaintiff is correct that an ALJ cannot "find an individual's symptoms inconsistent with the evidence in the record" based on the frequency or extent of treatment "without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017). One such reason is that a claimant "may not be able to afford treatment." *Id.* at *10. But the ALJ addressed Plaintiff's testimony from the first hearing, noting that "[s]he is just taking Meclizine because anything stronger would require a neurologist, which she is unable to afford." AR 19. He also noted that Plaintiff "still has not seen a specialist, as she cannot afford it" when summarizing testimony from the second hearing. *Id.* Thus, Plaintiff's argument that the ALJ failed to consider her financial condition lacks merit.

IV. **Conclusion.**

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 16th day of November, 2020.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE